SAMUEL WALLACE v. JESSE BOWEN AND SALLY BOWEN.

*Inference of gift to wife of real estate, deeded to her, may be re-
butted. Resulting trust to the husband. Costs. Mistake as to
legal operation of a deed.*

The *prima facie* inference that a deed, taken to the wife of the person who pays the
consideration for it, was intended as a gift to her, may be rebutted and overcome
by parol proof to the contrary; and if this is done a resulting trust will exist in fa-
vor of the husband.

In the present case, the orator having purchased and paid for a piece of land, the
deed of which was taken to his wife, and the proof being satisfactory that it was
not intended as an absolute gift to her; it was held that there was an implied or
resulting trust, which a court of chancery would execute in his favor.

No costs allowed to the defendants who had succeeded to the legal estate as heirs of
the wife, they having resisted the orator's claim, after being made aware of it be-
fore the commencement of the suit.

*Semble.* That if the husband had so taken the deed under a misapprehension as to
its legal operation, supposing that it would have the same effect as though taken
to himself and his wife jointly, a court of equity would be justified in compelling
the parties interested to allow it to have that operation. REDFIELD, CH. J.

APPEAL from the court of chancery. The orator alleged that
in March, 1835, he bargained for a piece of land, for which he was
to pay $900; $100 of which he paid down, and gave his notes
for the remainder, payable at different times, which he paid as they
became due; that when the bargain was completed, and the deed
about to be drawn, his wife Lydia Wallace said to him, in a play-
ful manner, that he had better have the land deeded to her; and
that, upon the representation of the person of whom he purchased,

and of the magistrate who took the acknowledgment of the deed, that if it was deeded to her he would own it the same as though it was deeded to himself, he consented, and the deed was made directly to his wife ; that his wife never inherited or otherwise obtained, or had any separate property of her own, except a setting out of furniture on commencing housekeeping ; and that the said $100, and the money paid upon the notes was the money of the orator, not obtained in any way from his wife ; that his wife died in March, 1849, leaving no children, and never having had any ; and that the defendants, her brother and sister, and only living heirs claiming that she was the owner of the land, had commenced an action of ejectment therefor against the orator, having full knowledge of the orator's claims, &c.; and prayed that the defendants might be enjoined from prosecuting said action of ejectment, and decreed to release and convey to the orator the title and interest claimed by them as heirs of his wife.

The defendants answered, insisting that the purchase of the land by the husband, and taking the deed to his wife, was intended, and operated as a gift of the same to her, and that they were entitled to it as her heirs. Their answer was traversed, and testimony was taken by both parties, the conclusion deducible from which being sufficiently stated in the opinion of the court. The court of chancery decreed substantially in accordance with the prayer of the orator's bill, from which the defendants appealed.

*Peck & Colby* for the defendants.

The grantee being the wife of the orator, the conveyance will be presumed to be a gift from the husband ; Sugdens Vendors, p. 453 ; 2 Story's Eq., Sec's. 1202, 1203, 1204 ; *Marshall* v. *Pierce*, 12 N. H. 127 ; *Kingdon* v. *Bridge*, 2 Vernon 67 ; *Back* v. *Andrew*, 2 Vernon 120 ; *Glaister* v. *Glaister*, 8 Vesey 189 ; *Rider* v. *Kidder*, 10 Vesey 267 ; *Dyer* v. *Dyer*, 2 Cox 92 ; Lead. Cases in Eq., Vol 1, 162.

*P. Dillingham* and *A. Howard, jr.* for the orator.

The facts clearly establish a trust resulting, or arising, by implication of law, which is expressly excepted out of the statute, requiring trusts to be created by writing ; Comp. Stat. §25, page 387.

Judge Story says, "the clear result of all the cases, without a single exception, is that the trust of the legal estate results to the man who advances the purchase money;" 2 Story Eq. §1201, 4th edition.

He further remarks, "that when the deed is taken to a wife or child, and the consideration paid by the husband or father, the presumption, *prima facie*, is, that it is intended as an advancement or gift." We reply that this presumption may be overcome by proof negativing such presumption—such as this case affords. See same book, §1203 and 1204; also *Dyer* v. *Dyer*, 2 Cox 92.

This case is not affected by the statute of frauds; parol proof is admissible against the express declaration of the deed as to the consideration; *Leach* v. *Leach*, 10 Ves. 511; *Boyd* v. *McLean*, 1 John. Ch. 582; *Botsford* v. *Burr*, 2 John. Ch. 404; *Pinney et al.* v. *Fellows et al.*, 15 Vt. 525.

The opinion of the court was delivered by

REDFIELD, CH. J. There seems to be no question, in the present case, but the plaintiff paid the consideration for this conveyance; and if the deed had been taken in the name of a stranger, there would have been a resulting trust in his favor. But this being taken to the wife, the implied, or resulting trust which arises in the case of a stranger is, *prima facie*, rebutted. But this implication, in the case of a deed so taken to a wife or child of the one paying the price of the land, that it was intended as a gift, is clearly liable in its turn to be encountered and overcome by oral evidence; and if that be done, the trust is still valid, notwithstanding the statute of frauds, which, in this state, in terms, excepts from its operation, all resulting trusts, the construction of the English statute being the same, 2 Story's Eq. Jurisprudence, § 1201 *et seq.* to §1205, and the cases cited in the notes; *Pinney* v. *Fellows*, 15 Vt. 525.

In the present case the proof satisfies the court, the deed was not intended as an absolute gift. It would then, upon the face of the transaction, stand as an implied or resulting trust, in favor of the husband, which a court of equity will execute in favor of the husband; although, at law, the wife cannot be the trustee of the husband, or *vice versa*, their existence being, in law, regarded as identical. We think, therefore, the orator is entitled to have the

decree affirmed. And as the defendants were made aware of the plaintiff's claim before the suit was brought, and had opportunity to inquire into the validity of his claim, and the nature of the proof by which it was sustained, and chose to resist it, we do not think they have any just cause of complaint at the order of the chancellor, in regard to costs.* If the case did not show notice to them of the nature and extent of the plaintiff's claim, and ample time and opportunity to ascertain its character, there might have been good ground for saying the defendants should recover costs.

I have taken no time to attempt to divine the precise purpose of the parties, in having the deed made to the wife. If it were important, one would naturally enough conjecture that the plaintiff was finally prevailed upon to suffer the title to remain in the wife, because he supposed, upon such advice as he relied upon, that the deed would have the same operation, as in law it would have had, if taken in the joint names of the husband and wife, and that the survivor would take the whole land. And if that very case were established in proof, it seems to me probable that the cases would justify a court of equity in compelling the parties interested to allow the deed to have the operation which it was intended to have ; and this, notwithstanding the decease of the wife, and that the misapprehension of the parties, was as to the legal operation of the deed : cases of high authority certainly go to that extent. But we regard the proof as justifying the placing the case upon the other ground.

Decree affirmed.

---

* What this order was, whether to pay the orator's costs, or merely a disallowance of those of the defendants, does not appear in any of the papers furnished to the reporter.