WATKINS L. SMITH AND OTHERS v. WILLIAM H. STRAHAN.

It is a general rule, that the trust of a legal estate, whether taken in the names of the purchaser and others jointly, or in the names of others without that of the purchaser, whether in one name or several, whether jointly or successively, results to the one who advances the purchase money; the presumption being against a gift.

But there are exceptions to this rule, as well established as the rule itself, as where the deed is taken in the name of a child, or in the name of the wife where the purchase money was the separate property of the husband; the presumption being in favor of a gift in such cases.

The presumption of trust, when the purchase is taken in the name of a stranger, as it is raised, so it may be rebutted by parol evidence.

And the presumption of an advancement, when taken in the name of a wife or child, may also be rebutted by evidence, showing that the purchase was intended for the benefit of the husband or parent, who advanced the purchase money.

Arguments drawn from the incapacity of the wife, at common law, to acquire and enjoy property, without the intervention of a trustee, have little or no force under our system.

At all events, where the fundamental principle of the marital relation is, that, whatever may be the unity of persons, there is no unity of estates, there can be no such rule as that the wife cannot be a trustee for the husband, in any sense which would preclude evidence, showing that although property is in her own name, it was intended for the benefit of the husband.

The rational foundation for the presumption in favor of the wife is, that the purchase is intended as a provision for her; and this presumption will hold, as well under our system as in others where the rights of the wife are not so much favored.

It may, and would, under the operation of our laws, be generally more easily rebutted, than it would be, where the wife has no interest in community property, and a very restricted right to separate property.

The intention of the husband, in taking the conveyance of community property in the name of his wife, has no effect upon either his own, or the rights of the wife. The law prescribes the operation of such deed, irrespective of the motives in taking it in either the name of the husband or of the wife, or of both jointly; for, whether taken in the one form or the other, the community character of the property is not changed.

The intention of the parties at the time of the execution of the deed, where the purchase money was separate property, is to determine its complexion and

character; and antecedent or concomitant acts and declarations of the husband are to be regarded as parts of the transaction, and as evidence of his intention, whether the purchase should be for the benefit of his wife, or of his own.

Subsequent acts and declarations, by a husband, are as ineffectual against the wife as they are against a child. The fact of a husband or parent, even when children are minors, going immediately into possession after such purchase, and always claiming and holding the land as his own, would, however, it seems to me, be some, though by no means conclusive evidence, of his original intention that the purchase was in trust for himself, and not an advancement.

Without argument, we forbear the discussion of the important question, how far even the wife might be concluded in equity, by an arrangement for the settlement of family disputes, or for the partition of an estate, upon a reasonable consideration, even where the mode of assurance is not sufficient in law to convey the interest of the wife.

Error from Colorado. Tried before the Hon. Nelson H. Munger.

Suit by Watkins L. Smith, commenced Sept. 12th, 1853, against William H. Strahan, for the partition of certain four hundred acres of land among the heirs of Delilah Strahan, the deceased wife of said William. The other heirs, being three children of said Delilah and William, were made defendants. The plaintiff had married a fourth child, since deceased, leaving a child since deceased. The three other children, made defendants, two of them being minors and appearing by guardian, joined in the plaintiff's prayer for the partition. The father, William H. Strahan, alleged that the land, although the deed was taken in the name of his wife, Delilah, was paid for out of his separate property ; pleaded the statute of limitations ; alleged a settlement of the claim of the plaintiff, by a transfer, (filed as an exhibit marked O,) to himself of all the interest of said plaintiff and his wife by them in 1849, in consideration of one hundred and fifty dollars ; and suggested improvements of the value of upwards of seven thousand dollars. The plaintiff denied under oath the execution of the transfer pleaded by the defendant.

In answer to issues submitted, there was a special verdict as follows : Delilah Strahan was the wife of W. H. Strahan. Their children were Sarah F. Smith, Catharine Bailey, W. T. Strahan, and Cincinatti Strahan. Sarah F. Smith and Watkins L. Smith were married. They had a child, which survived its mother, but is since dead. B. H. Bailey and Catharine Bailey, (alias Catharine Strahan,) were married, and had a child which survived its mother and is now alive. The land in controversy was paid for by the separate property of W. H. Strahan. The deed from Patrick and Polly Reels to Delilah Strahan was not a gift or dedication to said Delilah, from said W. H. Strahan. The land was vested in Patrick and Polly Reels at the date of their deed to Delilah Strahan. The plaintiff signed his name and that of his wife to the transfer marked O, made a part of the amended answer. Delilah Strahan died in August, 1844. Sarah F. Strahan married the plaintiff in 1846, and died in 1849, being about twenty years old at her death. The possession of W. H. Strahan, of the land in controversy, commenced in 1844 and continued up to the present time, and was adverse to all others. Mrs. Bailey died in the fall of 1851, being then about eighteen years old. William T. and Cincinatti Strahan were minors on the 12th of Sept. 1853.

On this verdict the Court rendered judgment for William H. Strahan, the father, confirming the title to said land in him. Motion for a new trial overruled. The plaintiff below and the children joined in the prosecution of this writ of error.

There was a statement of facts, from which it appeared that all the facts, found in the special verdict, were either admitted or clearly proved, except as to the intention of W. H. Strahan in taking the deed in the name of his wife ; as to the execution and intended effect of the transfer from Smith and wife to Strahan ; and as to the adverse possession of the latter ; as to which points the evidence was to the following effect :

C. Kelch, witness for defendant W. H. Strahan, stated that immediately after the purchase of the land in controversy, the defendant W. H. Strahan raised a crop of corn on said land, that year, but he did not move his family on said land until after the death of his wife ; that there were no houses there until after the death of Delilah Strahan ; that witness lived in the neighborhood of defendant W. H. Strahan ; that he knew of the purchase of the land in controversy, and of the payment of the consideration as admitted ; that he carried the chain when the land was surveyed off at the time of the purchase ; that in conversation between himself and said W. H. Strahan, the latter claimed the land in his own right ; witness heard of no other claimant, and was surprised to hear that the deed was in the name of the wife ; all of the defendants and plaintiff resided on the same land ; Sarah F. Smith resided on said land until her death ; her child lived on said land from the death of his mother until his death ; and W. F. Smith lived on said land from the time of his marriage until he left in 1851 ; that W. T. and Cincinatti, minors, had lived with their father on said land from the time when he first moved on it, and still live on it ; that Catharine Bailey lived on said land until her death, and W. J. Bailey has lived on it with his father, from the death of his mother Catharine, up to the institution of this suit ; and that W. H. Strahan has continuously occupied, used and cultivated the premises in suit, from the date of the purchase in 1844, down to this time.

The testimony as to the execution of the transfer marked exhibit O, was contradictory, and a suggestion was also made that it contemplated merely the conveyance of certain improvements which Smith had erected on the land.

The plaintiff in error requested the Court to charge the jury, that if they believed from the evidence, that the land in controversy was purchased with the separate property of the defendant, W. H. Strahan, and that he had the deed taken in the name of his wife, Delilah Strahan, the presumption of the

law is, that the land was donated to the said Delilah by her said husband, and it devolved on the said defendant, W. H. Strahan, to rebut that presumption by proof that she held the land from the date of the purchase thereof, for the benefit of, and in trust for, the said W. H. Strahan ; which instruction the Court refused to give, leaving (in the language of the bill of exceptions) the question of gift to the jury as a mere question of fact, and reserving the question of law to be applied by. the Court ; and the Court, after the finding, decided that property purchased with the separate property of the husband, became and was his separate property, although he had the deed taken to his wife, as decided in Houston v. Curl, 8 Tex. R. 242. To which ruling the plaintiff and defendants excepted, &c.

*J. H. Robson*, for plaintiffs in error. It is well settled that where the purchase money is paid by the father, and the deed taken in the name of the son, no resulting trust arises in favor of the father, but the purchase enures to the benefit of the son alone, and is presumed to be an advancement to him by the father. The same presumption, we hold, arises, in the case of a purchase by a husband in the name of his wife, the purchase money being paid out of his own separate funds, and the deed being taken by him in his wife's name. In support of this position, see Kingdon v. Bridges, 2 Vern. 67 ; Christ's Hospital v. Bridges, 2 Vern. 683 ; Glaister v. Glaister, 8 Ves. 199 ; Back v. Andrews, 2 Vern. 120 ; Rider v. Kidder, 10 Ves. 367 ; Lorimer v. Lorimer, 10 Ves. 367 (n.) ; 2 Story's Eq. Jur., 612, Sec. 1202–1205 ; 2 Sugden on Vendors, 397–402 ; Jeremy's Eq. Jur., 88 ; Hill on Trustees, 135 ; 19 Wend. 414 ; 11 Paige, 619 ; Whitten v. Whitten, 3 Cush. 194 ; Tarpley v. Poage, 2 Tex. R. 150 ; Parker v. Chance, 11 Id. 517.

The second question for consideration in this case is, was the presumption of a gift or advancement to the wife rebutted by proof on the trial in the Court below ? (2 Story's Eq. Jur.

616; 1 White's Equity cases, with Hare and Wallace's notes, 196–199, *et seq. ;* see also cases therein cited. Grey v. Grey, 2 Swanst. 229 ; Parks v. Willard, 1 Tex. R. 350 ; Warren v. Dickinson, 2 Id. 460 ; Shepherd v. White, 10 Id. 73 ; 11 Id. 350.

*G. W. Smith,* for defendant in error.   That the purchase of the land by W. H. Strahan, and payment therefor with his separate property, will make it his separate property, is thought to be settled by repeated decisions of this Court ; and the fact that the deed was made to his wife, Delilah Strahan, would not affect its character, as his separate property. Houston v. Curl, 8 Tex. R. 240 ; Love and wife v. Robinson, 7 Id. 6 ; and authorities there cited ; Rose v. Houston, 11 Id. 325.

The reasons at common law for the presumption, that where the husband takes a deed to his wife, it is intended as a gift, do not apply in Texas.   (Parker v. Chance, 11 Tex. R. 513 ; Wright v. Hays, 10 Id. 130 ; McKay v. Treadwell, 8 Id. 176 ; Wood v. Wheeler, 7 Id. 13 ; Edrington v. Mayfield, 5 Id. 386 ; Ferris v. Parker, 13 Id. 385.)

That the Court was correct in refusing the instruction asked, is thought clear ; the presumption is that the land was the separate property of W. H. Strahan, whose separate property paid for it.   (8 Tex. and 7. Tex., cited above.)

The evidence of the witnesses was that W. H. Strahan was the only person who claimed the land, from the purchase, to the institution of this suit, (about nine years) and that too before and after the death of his wife, and that he cultivated and improved it without molestation, and claimed the land as his own property.   These facts, together with the proof that he paid for the land with his own funds, are sufficient evidence to support the verdict, especially where there is no conflicting evidence.

At common law we find no presumption arising in favor of a father, mother, brother or sister, against a resulting trust.— The fact of this presumption against a resulting trust has been

confined solely to a child and wife, and from the fact that they have no means and are dependent on them for a support and maintainance, and it is their duty to provide for them; and further as to the wife, that she could not be a trustee for her husband. As the reasons of the rule in reference to the wife do not obtain in Texas as in England, the defendant contends that the rule itself must fail, and that deeds to her of his property should be considered in trust for him, the same as deeds to him of her property.

It will be remembered that this deed was not made by W. H. Strahan to his wife, nor did he ever convey the land to a third person who was to convey to his wife, as in the case of Parker v. Chance, 11 Tex.

Where the husband conveys his separate property directly to his wife or to a third person, who conveys to the wife, it would indicate an intention, perhaps, to give her the property, but such an intention could not be inferred where the husband purchases in the name of his wife.

It is believed that the rule at common law never did apply to deeds for real estate to the wife; and is not that, from the fact that the wife retains her real estate, and the husband could only acquire a life time interest in the same. (Refer also to 10 Humph. 12; 2 Wend. 465; 19 Wend. 414; Hill on Trustees, 93 and 103.

HEMPHILL, CH. J. It is a general rule, that the trust of a legal estate, whether taken in the names of the purchaser and others jointly, or in the names of others without that of the purchaser, whether in one name or several, whether jointly or successively, results to the one who advances the purchase money; and this is in strict analogy to the rule of the common law, that where a feoffment was made without consideration, the use resulted to the feoffor. (2 Story, Eq. Sec. 1201; 2 Cox, 92; 1 Leading Cases in Equity, p. 188.)

But there are exceptions to this rule, as well established as

the rule itself.    For example, a purchase by a parent, in the
name of a child, is deemed, *prima facie*, an advancement for
the child, so as to rebut the presumption of a trust resulting
for the parent.    (2 Story, Sec. 1202, and the authorities above
cited.)   The moral obligation of the parent, to provide for his
children, is said to be the foundation of this exception ; and it
is but a reasonable presumption, that a purchase by a parent,
in the name of a child, is for the benefit of the latter, in dis-
charge of this obligation, and also as a token of his natural
love and affection.

And a like presumption exists, also, in the case of a purchase
by a husband in the name of the wife ; and it is said that the
presumption is stronger in case of a wife than of a child, for,
at law, she cannot be the trustee of her husband.   (2 Story,
Sec. 1204 ; 2 Vernon, p. 67, 683 ; 10 Ves. 360 ; Hill on
Trustees, p. 135 ; Dart on Vendors, 437 ; 19 Wendell, 414 ;
3 Cushing, 194–7 ; 11 Paige, 619 ; Drummer v. Pitcher, 2
Mylne and Keene, Eng. Chan. Rep. 7.)

The presumption of trust, when the purchase is taken in the
name of a stranger, as it is raised, so it may be rebutted by
parol evidence ; and the presumption of an advancement, when
taken in the name of a wife or child, may also be rebutted by
evidence showing that the purchase was intended for the
benefit of the husband or parent who advanced the purchase
money.

It was said in the case of Kingdon v. Bridges, 2 Vern. 67,
(as a reason why a purchase by a husband, in the name of a
wife, should be for her benefit,) that a wife could not be a
trustee for the husband, and this is cited by later authorities
as a circumstance which increases the force of the presumption
in favor of the wife, over that of a child.   But this principle
has little or no force under our system of laws and of marital
rights.   The right of the wife, under our laws, to hold proper-
ty, is co-equal with that of the husband ; and upon evidence,
it may be shown that property in the name of one is really

held for the benefit of the other. It is very true, that the wife is under the burthen, or, as the law intends, under the protection, of some legal disabilities, even with reference to her separate property ; but these have reference to the mode of alienation, and not to any claim of the husband over such property, *jure uxoris*, for he has none except that of management and its incidents. At all events, where the fundamental principle of the marital relation is, that whatever may be the unity of persons, there is no unity of estates, there can be no such rule as that the wife cannot be a trustee for the husband, in any sense which would preclude evidence, showing that although property is in her name, it was intended for the benefit of the husband.

The rational foundation for the presumption in favor of the wife is, that the purchase is intended as a provision for her ; and this presumption will hold, as well under our system as in others where the rights of the wife are not so much favored. It may, and would, under the operation of our laws, be generally more easily rebutted than it would be, where the wife has no interest in community property, and a very restricted right to separate estate. The necessity for a provision would not so often exist in this State, as in others, where, by operation of law, the great proportion of the wife's property is absorbed by the husband. But the necessity might and would often exist in fact. The property of the wife might not be large, or in proportion to her condition and situation in life ; and in fact, though eminent advantages are afforded the wife by our laws, yet her condition is not so much changed as to repel the presumption of benefit from a purchase made by a husband in her name, out of his own separate funds.

The legal effect and operation of the deed is, to vest the property in the wife. This effect would be rebutted, in case a stranger were the nominee in the purchase. But the wife is not as a stranger to the husband. She has distinct rights and a separate estate, but he is bound for her support and main-

tenance, not only by law, but from the impulses of affection; and a conveyance to her, when the purchase money is advanced by himself, is not to be presumed *prima facie*, an arrangement for his convenience, but as importing, to the wife, a substantial benefit, and vesting in her the whole interest, as well legal as beneficial.

This is but a presumption, and may be rebutted by evidence; but the wife, and her privies, are entitled to the benefit of this presumption ; and the Court erred in refusing to instruct the jury, that such was the inference of the law.

There is a material distinction between the inferences to be drawn, as to the effect of the act of the husband, in his purchase of property in the name of the wife with community funds, and in his purchase, in her name, with his own property.   The law regulating ganancial property, prescribes the effect of purchase in the name of the wife, and makes it precisely the same as if purchased in the name of the husband.   The definition of community property includes all effects which husband and wife, during marriage, acquire by a common title, either lucrative or onerous, or which they, or either of them, acquire by purchase, or through their labor or industry.   The intention of the husband, in taking the conveyance of community property in the name of his wife, has no effect upon either his own, or the rights of the wife.   The law prescribes the operation of such deed, irrespective of the motives in taking it in either the name of the husband or of the wife, or of both jointly ; for, whether taken in the one form or the other, the community character of the property is not changed.   But there is no such rule in reference to their separate estates, and it could not be applied to them, without producing much embarrassment and confusion.   The law having attached no uniform operation to a purchase by a husband, out of his separate funds, in the name of the wife, the question of intention of the husband, in so taking the deed, becomes of paramount importance, for upon that depends its ᴦperation.   The inference of

law is, that by such act he intended an advancement or provision for the wife. And we will now consider whether, in this case, there was any sufficient evidence to rebut this presumption, and raise the inference of resulting trust to the husband.

Questions of this character have arisen more frequently in cases where the purchase is in the the name of a child by a father, than in the wife's name by a husband, and many circumstances have been taken into consideration, as rebutting the presumption of an advancement for a child, which have given rise to many nice distinctions, not easy to be understood, most of which are, however, now disregarded : thus, at one time, it was thought that the infancy of a child, in whose name a purchase was made, was a circumstance against it being considered an advancement, though it is now regarded as a strong circumstance to the contrary. (1 Leading Cases in Equity, 196 ; 2 Cox, 92 ; 1 P. W'ms. 111.)

From this, it appears that there has been fluctuation as to the circumstances in support or rebuttal of presumptions of the intention of parties, when this intention depends on matters in parol, and is not fixed conclusively by the deed. The facts, in this case, adduced to rebut the inference of advancement, are not only meager, but appear to be inconclusive, though, if the jury had been properly instructed, much weight should have been allowed the verdict, even upon this evidence. The intention of the parties at the time of the execution of the deed, is to determine its complexion and character ; and antecedent or concomitant acts and declarations of the husband are to be regarded as parts of the transaction, and as evidence of his intention, whether the purchase should be for the benefit of the wife, or of his own. (2 Swanston, 594 ; 2 Beav. 447 ; 10 Paige, 618–626 ; 1 Swanston, 17–19.) But, in case of purchase in the name of a child, it is said that subsequent acts or declarations of the father, will not be admissible to rebut the presumption of advancement. Thus, a subsequent devise of the property by the father, (2 Vern. 19 ; 1 My. and K. 511,)

or a mortgage will be ineffectual.  (2 Beav. 454 ; 15 Ves. 51.) And in the case of a child, especially of a minor, by the entering into possession and taking the rents and profits of the purchased property, the presumption of advancement will not be rebutted, as the acts of the father may be referable to his duty as guardian of his children.  (1 P. Wms. 608.)   But see 2 Cox, 92.

All such acts and declarations, by a husband, are as ineffectual against the wife, as they are against a child.   The law vests the management of the wife's lands and slaves in the husband, and his possession or cultivation and improvement of her lands cannot avail, or, at least, is by no means conclusive against her rights.   The fact of a husband or parent, even when children are minors, going immediately into possession after such purchase, and always claiming and holding the lands as his own, would, however, it seems to me, be some, though by no means conclusive evidence, of his original intention that the purchase was in trust for himself, and not an advancement. (2 Cox. 92.)   It is only as indicative of original intention, that such possession, unless long continued, could be made available ; for coverture and minority would protect the wife and infants against the claim of adverse possession.   There is no proof of any declarations or acts on the part of the wife ; and the declarations of the husband, claiming the property as his own, are not proven by the witness Kelch to be cotemporaneous with the execution of the deed.   The deed was attested by two witnesses, one of them of the same name with the witness on the trial.   Its execution was acknowledged, and it has been recorded, though the date is not shown.

It appears, also, that one of the minor daughters, after marriage, claimed a share in the land ; and, upon the whole, there was but slight ground for the verdict of the jury, and which, had they been properly instructed as to the force of the presumption for the wife, would most probably have been deemed by them as insufficient.

In the course of the trial, the following instrument was offered in evidence by the defendant, as one executed by the plaintiff for himself and wife, viz :

Know all men by these presents, that I this day bargain and sell to Wm. H. Strahan my interest in the tract of land that he is now living on in Reels' Bend, for one hundred and fifty dollars, having given his note for the same, this 20th March, 1849.

Witness my hand and seal.

(Signed,)            WATKINS L. SMITH, [L. S.]
                     SARAH F. SMITH, [L. S.]

But although much evidence was offered as to the execution of this instrument, and the jury found that it was signed by Smith, the plaintiff, for himself and wife ; yet no question has been made upon it in argument before this Court, although the finding of the jury, as to its execution, has been assigned as contrary to evidence.

Without argument, we forbear the discussion of the important question, how far even the wife might be concluded in equity, by an arrangement for the settlement of family disputes, or for the partition of an estate, upon a reasonable consideration, even where the mode of assurance is not sufficient in law to convey the interest of the wife.   In Hartwell v. Jackson, 7 Tex. R. 576, it will be seen, that after the institution of suit, agreements by way of compromise, signed by the husbands alone, will bind the wives, though neither signed nor acknowledged by the wives.   But no question seems to have been made on this point below, and the instrument is stated, in the argument of appellee, to have been relied on by way of estoppel as against the husband alone.   This presents a very important question, but upon which, as there has been no argument, it will not be necessary to express a decisive opinion.

The judgment is ordered to be reversed, and the cause remanded for a new trial.

                                   Reversed and remanded.