## DICKINSON *v.* DAVIS.

43   647
72   182

Where a husband purchases land, and the deed is taken to his wife, *primâ facie,* no trust results in his favor.

Where money raised by a mortgage of the wife's land is held by her, and the husband has not assumed the mortgage debt, or attempted to control the money borrowed, she is not liable in foreign attachment as trustee of her husband on account of such money.

BY the disclosure of the trustee, it appears that she is the wife of the principal defendant, and that she received from the administrator of her father's estate about twelve hundred dollars, which she has held in her own right, and has managed as she pleased, her husband never having interfered or reduced it to his possession.

Joshua F. Davis, her husband, some years ago, paid fifty dollars for a horse, and it does not appear from the disclosure that it was the money of the trustee, nor that it was not the money of the husband. This horse he exchanged for another horse, for which he paid seventy dollars as boot, which was the money of his wife, the trustee. This horse was exchanged by the husband for a stud horse, which, after being trained, was sold in New-York as the wife's horse, for nine hundred dollars. Five hundred dollars of this sum was deposited in the name of Joshua F. Davis, at the order, as she says, of said Fanny Davis, in the bank of Black River; and this five hundred dollars, with about three hundred dollars more received for the horse, together with six hundred and fifty dollars of money belonging to the wife, was applied in the purchase of certain real estate, called the Mitchell place, which she subsequently exchanged for a place on Pleasant Street, in Claremont, which she still holds.

The deeds of all the real estate were made to or by Mrs. Davis. The sum of eight hundred dollars was raised by a mortgage of this place, of which six hundred dollars was loaned by Mrs. Davis to one Martin, upon his note to her, which she still holds.

Upon this state of facts the question is, if Mrs. Davis can be charged as the trustee of her husband; and this question is reserved for the decision of the court at the law term.

*Baker,* for the plaintiff.

*Parker,* for the trustee.

BARTLETT, J.   We need not inquire whether there is sufficient proof that part of the purchase money of the real estate belonged to the husband; *Page* v. *Page,* 8 N. H. 202; for if such were the fact, it would not make the wife chargeable as his trustee. It is true that there arises a presumption of a trust in favor of one who pays the purchase money of land, when it is conveyed to a stranger, but such a presumption is rebutted in case the purchase can fairly be deemed to have been made for another, from motives of natural love and affection. 2 Story Eq., sec. 1202; *Baker* v. *Vining,* 30 Me. 128. Upon this ground a purchase by a parent, in the name of a child, is deemed, *primâ facie,* an advancement from which no trust

results.   2 Story Eq., sec. 1202; *Page* v. *Page*, 8 N. H. 202; Ath-
erly Set. 473; Reeve Dom. Rel. 308.   It is difficult to see why the
same principle should not be applied to purchases by a husband in
the name of his wife.   Story says that the presumption that such a
purchase is intended for a provision is stronger in the case of a
wife than of a child, for at common law the wife could not be the
trustee of her husband.   2 Story Eq., sec. 1204.   According to the
current of authorities elsewhere, land purchased by the husband in
the name of the wife is deemed, *primâ facie*, intended as a provision
for the wife, so as to rebut the presumption of resulting trust to the
husband.   1 Greenl. Cru. 402; 2 Fonb. Eq., b 2, ch. 503; *Back* v.
*Andrew*, 2 Vernon 120; *Kingdon* v. *Bridges*, Ib. 67; *Glaister* v.
*Hewer*, 8 Ves. 199; *Dummer* v. *Pitcher*, 2 M. & Keene 7; *Rider* v.
*Kidder*, 10 Ves. 367; 2 Mad. Ch. 101; Sugden on Vendors 453,
621; *Guthrie* v. *Gardner*, 19 Wend. 414; *Jackson* v. *Alexander*, 11
Paige 619; *Welton* v. *Divine*, 20 Barb. 9; *Whitten* v. *Whitten*, 3 Cush.
197; *Wallace* v. *Bowers*, 28 Vt. 638; *Smith* v. *Strahan*, 16 Texas 314;
*Alexander* v. *Warrance*, 17 Miss. 228; Burton Real Prop. 470;
Lewin on Trusts 85.

This view seems supported by *Farley* v. *Blood*, 30 N. H. 354, 372.
(See, also, *Marshall* v. *Pierce*, 12 N. H. 131, and *Campbell* v. *Wallace*,
12 N. H. 367.)

In *Pembroke* v. *Allenstown*, 21 N. H. 107, without adverting to the
distinction between the cases of a wife or child and a stranger, the
court held that where a husband purchased land in the name of
his wife, a trust resulted in his favor.   The question then was,
whether the husband had gained a settlement, under our pauper
laws, by the ownership of real estate.   Whether the nature of the
question or the other facts stated in that case may not render that
decision sustainable on other grounds than the broad one stated, we
need not inquire.   The decision in *Farley* v. *Blood*, pronounced by
the same justice who gave the opinion in *Pembroke* v. *Allenstown*,
shows, we think, that the latter case could hardly have been regarded
as decisive upon the general question.   *Tebbets* v. *Tilton*, 21 N. H.
283, seems to have been decided solely upon the authority of *Pembroke*
v. *Allenstown*.   The case of *Hall* v. *Young*, 37 N. H. 134, is quite
distinguishable, for there the conveyance was taken to a stranger,
part of the consideration being paid by the wife and part by the
husband.   Under this state of authorities in New-Hampshire,
we can not regard the question as settled by *Pembroke* v. *Allenstown*
and *Tebbets* v. *Tilton*.   In neither of those cases was the distinction
recognized in the books alluded to by the court, and we have no
reason to suppose that their attention was directed to it.   The doc-
trine of resulting trusts " has its origin in the natural presumption,
in the absence of all rebutting circumstances, that he who supplies
the money means the purchase to be for his own benefit, rather
than that of another; and that the conveyance in the name of the
latter is a matter of convenience or arrangement between the parties
for other collateral purposes."   2 Story, sec. 1201.   This reason fails
to apply to a purchase in the name of a wife or child, because there
is, *primâ facie*, a presumption of benefit intended for such.   The rule

generally adopted seems to us established on satisfactory grounds, and we see no reason for departing from it in this State, supported, as it seems to be, by *Page* v. *Page* and *Farley* v. *Blood*. In the present case, there is no evidence of a fraudulent intent on the part of the husband, or that the plaintiff was a creditor at the time of the transactions in question, and they must be deemed valid as to him. The husband has at most but a life estate in the lands, and upon their sale the whole proceeds would belong to the wife, unless reduced to possession by her husband. *Coffin* v. *Morrill*, 22 N. H. 359. We see no reason why the money raised upon the mortgage should be subject to a different rule, as we find no evidence that the husband has assumed the mortgage debt, or attempted to control the money borrowed. *Coffin* v. *Morrill*, 22 N. H. 360. If, as the plaintiff suggests in his brief, the land was conveyed to the separate use of the wife, the case would stand no better for him. There is no evidence of any express contract by the wife to pay for any services by the husband; and if she could incur a debt to him, perhaps there would be no stronger reason to imply an indebtedness in her case than in the case of a child after majority. *Munger* v. *Munger*, 33 N. H. 581. But even if such an indebtedness existed, there is nothing by which the court could fix its amount. *Bean* v. *Bean*, 33 N. H. 279. It is therefore unnecessary to inquire whether the wife can at law, under any circumstances, become a debtor to her husband, or be held as his trustee. We are of opinion that, upon the facts stated, Fanny Davis can not be charged as the trustee of her husband.