# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00690-CV

**Dalecia L. Rivers, Appellant**

**v.**

**Clay Veil Rivers, III, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-FM-16-005838, HONORABLE JAN SOIFER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from the judgment of the district court of Travis County in a divorce case. Appellant, Dalecia L. Rivers, challenges that part of the judgment dividing the property. Appellee is Clay Veil Rivers, III. We will affirm the judgment.

The parties married in 2011, separated in 2016, and divorced in 2017. During the marriage, the parties bought a house located on Wind Valley Way in Pflugerville. The purchase of the house was funded by each spouse contributing separate-property funds and incurring community debt. Dalecia's separate-property contribution was $64,946, while Clay's was $8,650. Title to the Wind Valley Way property was taken in the names of both spouses.

The judgment vested an undivided fifty-percent interest in the house in each spouse as their separate property and directed the house be sold. The district court filed findings of fact and conclusions of law. The court concluded, among other things, that:

Dalecia Rivers failed to present clear and convincing evidence to overcome the presumption that, despite using separate funds to purchase the marital residence, by taking title to the marital residence in both parties' names, she intended to gift fifty percent (50%) of her separate property interest in the marital residence to Clay Veil Rivers, III.

Likewise, the district court concluded that Clay failed to rebut the presumption that he intended to gift fifty percent of his separate interest in the house to Dalecia.

By several issues, Dalecia complains of the district court's refusal to reimburse her separate estate for the funds she contributed as part of the down payment for the Wind Valley Way house. But before Dalecia is entitled to reimbursement, she must first overcome the presumption that she gifted these payments to Clay. *See Cockerham v. Cockerham*, 527 S.W.2d 162, 168 (Tex. 1975). Since at least 1856 the rule in Texas has been that when one spouse uses separate funds to acquire property during marriage and takes title to that property in the names of both spouses, a presumption arises that the purchasing spouse intended to make a gift of one half of the separate funds to the other spouse. *Smith v. Strahan*, 16 Tex. 314, 322 (1856). That presumption, however, may be rebutted by evidence clearly establishing that there was no intention to make a gift. *Cockerham*, 527 S.W.2d at 168 (citing *Strahan*, 16 Tex. at 324).

Dalecia argues that the district court ignored "all of the evidence presented to rebut the presumption of gift." She then asserts that the district court's conclusion "is contrary to testimony presented by both Appellant and Appellee." As support for these assertions she refers the Court only to the following testimony:

Q.   Ms. Rivers, why did you put a down payment on some property in October of last year?

A.     Well, because I thought that Clay was going to come up with his—he was going to pay me out, like the Judge said. I thought that he was going to pay me out, so I thought that I would have the finances to move out. And then if we had 30 days to move, we could—you know, move into a home. And my daughter would not be displaced and moved out of her current neighborhood where she's going—attending school.

This Court is satisfied that the quoted testimony does not amount to evidence "clearly establishing there was no intention to make a gift." *Id*.; *see* Tex. Fam. Code § 3.003(b) ("The degree of proof necessary to establish that property is separate property is clear and convincing evidence.").

Dalecia's final issue reads as follows: "The Family Code provisions pertaining to Appellant's property rights and the division of property among the parties unconstitutionally deprives Appellant of her constitutional rights and impinges upon her expression and enjoyment of those rights." In the discussion following the issue, Dalecia refers to a constitutional right to "liberty in the pursuit of happiness in the marital relationship and her free expression of love within that tarnished relationship." She suggests that her contribution of separate funds for property taken in the name of both parties was an act of love deserving constitutional protection.

The issue is not supported by legal argument or authority. Texas Rule of Appellate Procedure 38.1(i) requires the brief to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and the record. This issue is waived because it is not supported by argument or authorities. *Rayburn v. Giles*, 182 S.W.2d 9, 13 (Tex. App.—San Antonio 1944, writ ref'd); *Elite Towing, Inc. v. LSI Fin. Grp.*, 985 S.W.2d 635, 641 (Tex. App.—Austin 1999, no pet.).

The judgment is affirmed.

_____

Bob E. Shannon, Justice

Before Chief Justice Rose, Justices Field and Shannon*

Affirmed

Filed:   December 19, 2018

*  Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).