GUTHRIE *vs.* GARDNER and wife.

If in the purchase of land, the consideration money be advanced by the husband and a deed taken in the name of the wife, the transaction will in the instance be deemed an advancement to the wife ; but it is open to explanation, and if it be shown that the object of the husband was to defraud creditors, he will be deemed to have a resulting interest in the premises, which may be sold by execution.

ERROR from the Jefferson common pleas. An action of ejectment for the recovery of a small lot of land was commenced in the Jefferson common pleas, by Anna Waterman, now the wife of David Gardner, in which judgment was rendered in favor of the plaintiff. On the trial of the cause the plaintiff produced a deed of the premises in question, executed to her by one Abraham Jewett, bearing date 25th September, 1821, the plaintiff at that time being the wife of one Dan Waterman. The defendant claimed title to the premises under a sheriff's sale, by virtue of a judgment and execution against Dan Waterman in favor of Samuel Guthrie : which judgment was rendered on the 23d August, 1825, execution issued 8th March, 1826, and the sheriff's deed executed 1st October, 1827. Abraham Jewett, the grantor of the plaintiff, was sworn as a witness and testified that Dan Waterman purchased of him the premises in question and paid him a span of horses for the same ; that Waterman told him he wanted the deed to run to his wife, that he was in debt and wanted the conveyance made to his wife for the benefit of his family ; and that he accordingly made out the deed and delivered it to Waterman. Waterman died about December, 1830. It was further proved that, at the time of the conveyance to the plaintiff, her husband was indebted to Samuel Guthrie, the plaintiff, in the judgment. The counsel for the defendant requested the court to charge the jury that Dan Waterman had a resulting trust in the premises, which was liable to be sold under the execution against him ; that no evidence having been given of the delivery of the deed to the plaintiff, the

deed was inoperative; and that as against the judgment under which the defendant claimed, the deed of the plaintiff was fraudulent. The court, instead of complying with such request, charged the jury that Dan Waterman had no resulting trust in the premises; that the conveyance to the plaintiff must be deemed a voluntary settlement or advancement made to her by her husband; that the deed was not fraudulent as against the judgment under which the defendant derived title, and that the jury were authorized to presume a delivery of it to the plaintiff previous to the rendition of such judgment. The jury found for the plaintiff. The defendant having tendered a bill of exceptions, sued out a writ of error.

*M. T. Reynolds*, for plaintiff in error.

*W. A. Greene*, for defendant in error.

*By the Court*, NELSON, Ch. J. It is a general rule that if an estate be purchased in the name of one person, and the price paid with money belonging to another, it will be subject to a trust for him by whom the money was advanced, even without a declaration to that effect. Such resulting interest may be sold on execution and the legal title thereby transferred to the purchaser by virtue of the 29 Car. 2, c. 3, of which the 4th § of our statute of uses is a copy. 1 R. L. 74. Watson on Sheriffs, 209. 3 Johns. R. 216. 17. id. 356.

If the money be advanced by the father and the conveyance taken in the name of a child; or by a husband, and taken in the name of the wife, in each case it will in the first instance be deemed an advancement to them and not a resulting trust; subject, however, to explanation. 1 Cruise, 477, § 43, tit. Trusts. 2 Fonbl. c. 5, p. 121, 125. 11 Johns. R. 96. 1 Swanst. 13. 10 Vesey, 367. 2 Mad. Ch. 116, 119. Sugden on Vendors, 621. The last author remarks, p. 627, "but if a purchase in the name of the wife or child be after marriage and voluntary, it may perhaps be fraudulent as against creditors, in like manner as if the settlement was of property actually vested in the husband." It has, however,

he says, been strenuously argued that a *purchase* is not within the operation of the statute of 13 Eliz. ; for as the purchaser may give the money to the object of his bounty to purchase the estate for himself, he may by the same reason direct a conveyance to be made to him; and this seems to be the better opinion where the case is clear of actual fraud. It was admitted in the case of *Christ's Hospital* v. *Bridgen and wife*, that mortgages taken in the joint name of husband and wife, for moneys loaned by the former in his lifetime, and which were claimed by the latter as survivor, might be deemed fraudulent in the case of creditors, and for a very strong ground urged by the counsel, to wit, that if they were not thus void, the husband by joining his wife in the securities, would be always enabled to defraud all his creditors. 2 Vern. 683. Id. 490, and note. 1 Ves. sen. 130. All the cases concur, that the presumption in favor of a *provision* for the wife, where the deed is taken in her name, may be rebutted by the contemporaneous circumstances. 2 Mad. Ch. 116, and cases there cited. 1 Swant. 17..

Now it is perfectly clear from the facts in this case, that the husband had no such *bona fide* intent as simply to make a provision but on the contrary, avowed his purpose to be, to keep the property from his creditors ; he directed the grantor to make the conveyance to his wife ; said that he was in debt, and wanted to secure the estate for the benefit of his family. The account upon which this judgment was subsequently obtained was then running against him. To hold this an *advancement*, under the circumstances, would open a way through which the grossest frauds might be practised upon creditors with impunity.

It is true, to pronounce the deed void under the statute of frauds, would be an unavailing judgment for the plaintiff in this court: it would not operate to vest the title in him, and were this the only view of the case, the creditors in these cases would be under the necessity of resorting to a court of equity in order to obtain possession of the fund. But assuming the idea of a *provision* for the wife to be sufficiently rebutted upon the circumstances, then a resulting trust arose to the husband, and the fee passed under the

sale to the purchaser. This seems to be the necessary conse-
quence of such explanation; for the general rule then operates,
the same as if the conveyance had been taken in the name of
a stranger.

Judgment reversed; *venire de novo;* costs to abide the
event.