Mr. Justice Clayton
delivered the opinion of the court.
This is an appeal from the vice-chancery court at Fulton.
The complainant filed his bill, stating that the defendants, as trustees of the town of Aberdeen, had sold the lots in said town, and, amongst others, the lot in question, to George D. May. He executed his two writings obligatory, with sureties, for the purchase-money, and took a title-bond from the vendors, in which they stipulated to make title, when the purchase-money should be paid.
The first bond not being paid at maturity, suit was brought upon it, and the lot in question sold under execution at law to satisfy the judgment. At this sale the complainant became the purchaser, for an amount less than the judgment, and leaving the second note still unpaid. He. demanded a title in fee from the vendors, the trustees, and upon their refusal to make it, he filed this bill to compel them to do so. The answers admit, in substance, the allegations of the bill, but deny the right of the complainant to the relief sought. The bill was dismissed by the court below.
The first inquiry which arises upon the argument is, whether the defendant May had any interest which could be sold under execution at law. His interest was an equitable estate, with right to call for the legal title, upon payment of the whole purchase-money. Beyond all doubt, an equitable title could not be sold at common law, under an execution from a court of law. 8 East, 481; 5 Bos. & Pull. 461. In the case in East, Lord Ellenborough remarks, “ that the sheriff could only sell subject to the trusts ; that the execution creditor, or the vendee, would still be obliged to go into equity, to get an account, or to redeem prior incumbrances, which might be done, in the first instance, with less expense and delay; besides, the destruction of the debtor’s estate, which, under so much doubt and difficulty, would sell greatly under value, so that a large equitable interest might be exhausted, in satisfaction of a small demand, to the detriment of other creditors.”
*743 The statute 29 Charles II. ch. 3, sec. 10, operated some change of the common law in this respect. But in the interpretation of that statute, the courts held it to embrace only those trusts, in which the cestui que use has the whole real, beneficial interest, and the trustee only the naked, formal, legal title. It was holden, that an execution at law would not reach an interest which a court of law could not protect and enforce, and that it would only operate upon an interest known and recognized at law, or an equitable title, in which the cestui que use had the entire beneficial right. 1 Johns. Ch. 56; 9 Cowen, 81; 1 Freeman’s Ch. R. 105. This was the settled English doctrine. 2 Wms. Saun. 11, n. 17.
In this country a great diversity of views has prevailed in the courts, and in some of the states the courts of law “have, by a gradual and almost insensible progress, adopted the equitable views of the subject.” But many of the state tribunals have adhered to the English decisions and distinctions; indeed, this has been the general, and prevailing course of decision. New Hampshire, New York, Ohio, North and South Carolina, and Tennessee, have all decided, that equitable interests cannot be sold at law, unless some statute, more comprehensive in its provisions than the section of the statute of frauds, already referred to, authorize it. 2 New Hamp. 16; 9 Ibid. 20; 3 Cowen, 81; Baird v. Kirtland, 8 Ohio, 21; Guthrie v. Gardner, 19 Wend. 414; Camp v. Coxe, 1 Dev. & Bat. 52; 4 Dev. 174; 4 M’Cord, 340; Shute v. Harder, 1 Yerger. The same view, in regard to the law of Maryland, is taken in a well-considered case in the supreme court of the United States. Van Ness v. Hyatt, 13 Peters, 298. These decisions have been made in reference to statutes containing provisions strongly resembling ours.
Shall a different construction be placed upon the statutes of this state 1 The. provisions for which such effect is claimed, are to be found in H. & H. 349, 644. The first enacts, “ that estates of every kind, holden, or possessed in trust, shall be subject to like debts and charges of the persons to whose use, or to whose benefit they were or shall be respectively holden or possessed, as they would have been subject to, if *744 those persons had owned the like interest in the things holden or possessed, as they own, or shall own, in the uses or trusts thereof.” The last enacts, that “when the sheriff shall sell lands and tenements, it shall be his duty to make such deeds as may be necessary to vest in the purchaser all the right, title, interest, claim, and demand of the debtor, or defendant, either in law or equity.”
These provisions are in substance the same with the 10th section of the 3d chapter of the statute of the 29th Charles II. The first is a literal copy of a Yirginia statute, and the last has an almost exact original in the same state. The point now before us arose in the case of Coutts v. Walker, 2 Leigh, 280. The court there says: “ This was not such a trust as could be taken under our statute, subjecting trusts to legal executions. That was taken from a similar provision in the statute of frauds of 29 Charles II., but is more extensive in its operation, including trusts of personal as well as real property, whilst the English statute only embraces trusts of real property; and our statute, binding the trusts to all intents and purposes, as if they were legal estates, from the date of the judgment, whilst the English statute bound them only from the date of the execution. Hunt v. Coles, 1 Conn. R. 226. But in respect to the quality of the estate there is no difference between the effect of the statutes ; and in England their statute has been held not to extend to an equity of redemption. Plunkett v. Kirk, 1 Vern. 411; Sug. on Ven. 337; nor to a trust to sell and pay debts; Sug. on Yen. 339. But although this equity could not be taken in execution at law, it was, upon the general principles of a court of equity, bound in equity, as it would have been bound at law, if it had been a legal title; and the judgment creditor has a right to insist upon the execution of the trust, or the satisfaction of his judgment, precisely as the debtor would have had a right to have it executed for his own benefit, if there had been no judgment.”' “A court of equity will consider a judgment as operating a lien in equity upon the equitable rights of the debtor; as it would operate upon them at law, if they were legal.” Ibid. 281.
After much reflection and examination, we have been in *745 duced to adopt this as the true construction of our own statute. The great sacrifices which would result from the sale of interests, the extent of which was not ascertained, and which would have to be adjusted in equity, recommend the rule to our favorable notice. It has already been adopted by this court, in reference to personal property ; and as our statute embraces real as well as personal estate, we see no reason to draw a distinction between them. Thornhill v. Gilmer, 4 S. & M. 163. On the whole, our conclusion is, that, in a case thus situated, in which the whole purchase-money has not been paid, the vendee has no interest which can be sold under execution at law.
The consequence is, the decree of the court below must be affirmed. Whether the purchaser at the execution sale has the right to be substituted to the place of the judgment creditor, to the extent of his bid at the sale, we shall not now determine. The pleadings are not framed with a view to that point, and we shall not attempt to anticipate it.
The bill is dismissed without prejudice.
Decree affirmed.