# 𝕷𝖆𝖜 𝖆𝖓𝖉 𝕰𝖖𝖚𝖎𝖙𝖞

IN THE

# SUPREME COURT

OF THE

# STATE OF NEW YORK.

/

———— ◦ ◦ ◦ ————

## HANNAH M. WELTON vs. D. DIVINE.

The presumption that he who supplies the money to make a purchase intends it for his own benefit, rather than that of another, does not apply in cases, like that of parent and child or husband and wife, where the purchase may fairly be deemed to have been made for another from motives of natural love and affection.

The presumption, in such cases, is that the purchase is intended as an *advancement*, unless the contrary is established by proof.

Therefore where a purchase is made by a husband, and the deed taken in the name of his wife, a resulting trust cannot be established, in favor of the husband, without some evidence to rebut the presumption that the deed was intended as a provision in the wife's favor.

THIS was an action to recover the possession of a farm in the town of Rochester, in the county of Ulster. It was tried at the Ulster circuit, in November, 1852, before Mr. Justice WRIGHT. The plaintiff gave in evidence a deed of the premises to herself from Peter Elmendorf and wife, bearing date the 26th of No-

vember, 1829. The consideration expressed in the deed was $500, paid by the grantee. Also, the record of the appointment of trustees of the estate of Enos Welton, the husband of the plaintiff, as an absconding debtor, dated February 28, 1842. Also a deed from the trustees to Edmond Brugh, dated July 1, 1842, conveying all the estate, right, title and interest of Enos Welton in the premises. The defendant claimed to hold the premises under this title.

The plaintiff further proved by her son that she and her husband kept separate purses; that she had money which she concealed from her husband. That the money with which the land was purchased was furnished by her to her husband when he went to make the purchase. Upon his cross-examination the same witness stated that he knew of no way the plaintiff had of getting money, except from her husband. At the time of the commencement of this suit Enos Welton was dead.

The parties having rested, the court decided that the testimony established a resulting trust in favor of Enos Welton in the estate purchased in the name of Hannah M. Welton, and nonsuited the plaintiff. To this decision the plaintiff excepted. The cause was heard, at the general term, upon a motion for a new trial, upon a bill of exceptions.

*M. Schoonmaker*, for the plaintiff.

*H. Hogeboom*, for the defendant.

*By the Court*, HARRIS, J. It is by no means certain, from the testimony in the case, that Enos Welton furnished the money with which the land in question was purchased. But assuming this to be undisputed, it would not establish a resulting trust. The presumption that he who supplies the money to make a purchase intends it for his own benefit rather than that of another, does not apply in cases, like that of parent and child or husband and wife, where the purchase may fairly be deemed to be made for another from motives of natural love and affection. The presumption in such cases is, that the purchase is intended

as an *advancement,* unless the contrary is established by proof. (*Story's Eq. Jur.* §§ 1202 *to* 1204. *Crabb's Law of Real Property,* § 1786. *Jackson* v. *Matsdorf,* 11 *John.* 91. *Guthrie* v. *Gardner,* 19 *Wend.* 414.)

In this case, there is no evidence to rebut the presumption that the deed taken by the husband in the name of his wife was intended as a provision in her favor. Without such evidence a resulting trust could not be established. The nonsuit, therefore, should be set aside, and a new trial awarded, with costs to abide the event.

[ALBANY GENERAL TERM, September 4, 1854. *Wright, Harris* and *Watson,* Justices.]