## JACKSON v. JACKSON.

1. Although, by the common law, the money which the wife has at the time of her marriage, not secured to her by a settlement or contract, and that which she subsequently earns, belong to the husband, it is competent and lawful for him to allow its investment in the purchase and improvement of real property for her separate use, if the rights of existing creditors are not thereby impaired.

2. The doctrine of resulting trusts has no application to an investment of this kind: it constitutes a voluntary settlement upon the wife, whether made through the husband, or directly by the wife with his consent.

3. A divorce granted to the wife for cruel treatment by the husband is not of itself sufficient reason for awarding to him any portion of the property thus settled upon her.

APPEAL from the Supreme Court of the District of Columbia.

This is a case of divorce. The parties were married on the 25th of November, 1856, in the District of Columbia, where they then and ever since have resided. Each prayed for a dissolution of the marriage contract for the alleged misconduct of the other. The appellee, in his cross-bill, set up that the appellant held in her individual name the title to certain real estate in said District which had been acquired and paid for since their marriage with his money and earnings, and prayed that she be decreed to convey the same to him.

The appellant's answer to the cross-bill alleged that the land had been purchased with money received from her father's estate, and from the proceeds of her own industry and savings.

The cause being set down for hearing, the court found, as a matter of fact, that the appellee was guilty of cruel treatment, as charged in the appellant's bill; that the cause of divorce in the cross-bill mentioned was not made out; and that the property was in part acquired and paid for with money belonging to the appellant at the time of her marriage, and for the rest with moneys earned by the joint efforts of said parties.

The court thereupon decreed that the married relations between the parties be dissolved; that the title to the property be held by the appellee in trust for both parties; and that, from the date of the decree, the appellant should hold, as of her own absolute right, a specifically described portion thereof, and convey in fee-simple the remainder to the appellee.

From so much of the decree as relates to the property the plaintiff below appealed to the General Term of said Supreme Court. The decree being affirmed, an appeal was taken to this court.

There is no conflict in the proofs as to the purchase of the real estate by the appellant with the money which she possessed at the time of her marriage. The rent of the house which was then standing on the property, and her earnings, were used in the erection of the additional buildings; but the evidence adduced by the appellee tended to show that a part of his earnings was applied to the same purpose.

The appellant took the deed in her own name, paid taxes on the property, caused it to be insured, and managed and controlled it as her own separate estate, with the full knowledge and consent of the appellee.

The common law as to the rights of a married woman to real or personal property belonging to her at the time of her marriage, or thereafter acquired, prevailed in said District until April 20, 1869, when an act was passed to regulate such rights. 16 Stat. 45.

The ninth section of the "Act to authorize divorces in the District of Columbia, and for other purposes," approved June 19, 1860 (12 Stat. 59), provides "that, in all cases where a divorce is granted, the court allowing the same shall have power, if it see fit, to award alimony to the wife, and to retain her right of dower, and to award to the wife such property, or the value thereof, as she had when she was married, or such part, or the value thereof, as the court may deem reasonable, having a regard to the circumstances of the husband at the time of the divorce."

The above provisions, except in so far as they relate to alimony and the right of dower, appear not to have been re-enacted in the Revised Statutes.

The case was argued by *Mr. A. G. Riddle* for the appellant, and by *Mr. William A. Meloy* and *Mr. Francis Miller* for the appellee.

MR. JUSTICE FIELD delivered the opinion of the court.

The land in controversy in this case was purchased by the wife with money which she had previous to her marriage, given to her by her father. The buildings erected thereon were con-

structed partly with such money, and partly with her subsequent earnings. The deed of the land was taken in her name; the contract for the houses was made by her alone with the builder; the policy of insurance upon the buildings was executed to her; and she paid the taxes upon the property. It is true, that at the date of the marriage, and when the land was purchased and the improvements were made, the common law governed in the District of Columbia as to the rights of married women to the personal property possessed by them previous to their marriage, and not secured by a settlement or contract to their separate use, and as to their subsequent earnings. By that law, the money which the wife then possessed and her subsequent earnings belonged exclusively to her husband. They vested as absolutely in him as though the money had been originally his, and the earnings were the proceeds of his own labor and industry. This harsh rule of the common law was founded upon the idea, that, as the husband was bound by the marriage to support the wife and the rest of the family, he was entitled to whatever she possessed, or subsequently acquired, which was available for that purpose, — a rule which would have had some good ground for its existence, had it only applied when the money or earnings of the wife were necessary for that purpose. But, becoming absolutely the property of the husband, they were subject to his disposal without regard to the necessities of the family, and might be taken from them at the suit of his creditors. They partook of the condition, and were subject to the fate, of his separate property.

But though the money which the wife in the present case had at her marriage, and her subsequent earnings, must be regarded as the property of the husband, it was competent and lawful for him to allow her to invest them for her own use, so as to be beyond his reach and control. Being at the time free from debt, he could have taken whatever money she had, whether given to her or earned by her own labor, and purchased with it the land in controversy, and received the deed in her name. The investment would then have been an advancement for her benefit, — a voluntary settlement upon her; and the subsequent application of her earnings to the construction of improvements would have equally been a legal disposition of them. The improvement of property settled upon the wife

is not forbidden to the husband, if not made with a fraudulent intent; and the moneys used for that purpose do not interfere with any rights of existing creditors.

The law on the subject of post-nuptial settlements of this character is well settled, and will be found stated in numerous adjudications of the American courts. *Picquet* v. *Swan*, 4 Mas. 444; *Haskell* v. *Bakewell*, 10 B. Mon. 206. The doctrine of resulting trusts, arising where a conveyance is taken in the name of one person and the consideration is advanced by another, has no application to investments of this kind. Such trusts are raised by the law from the presumed intention of the parties, and the natural equity that he who furnishes the means for the acquisition of property should enjoy its benefits. But no presumption that a personal benefit was intended to the party advancing the funds for a purchase in the name of another can arise where an obligation exists on his part, legal or moral, to provide for the grantee, as in the case of a husband for his wife, or a father for his child. The circumstance that the grantee stands in one of these relations to the party is of itself sufficient evidence to rebut the presumption of a resulting trust, and to create a contrary presumption of an advancement for the grantee's benefit. *Murless* v. *Franklin*, 1 Swans. 17; *Grey* v. *Grey*, 2 id. 597; *Finch* v. *Finch*, 15 Ves. 50; *Guthrie* v. *Gardner*, 19 Wend. 414; Perry on Trusts, sects. 143, 144.

The case of *Sexton* v. *Wheaton*, 8 Wheat. 229, which arose in the District of Columbia, is a determination of this court upon the points here presented. There the husband had purchased a house and lot within the District, and taken the conveyance in the name of his wife, and afterwards improvements were made upon the property. Subsequent creditors, having obtained judgment against him, filed a bill to subject the property to its payment, contending that the conveyance to the wife was fraudulent and void as to them, and praying, that, if the conveyance was sustained, the wife might be compelled to account for the value of the improvements. But the court held, Mr. Chief Justice Marshall delivering its opinion, that, the husband at the time being free from debt, the conveyance to the wife was to be deemed a voluntary settlement upon her, which, not being made with any fraudulent intent, was operative and binding against subsequent creditors; and that the

improvements upon the property stood upon the same footing as the conveyance itself, they being made before the debts were contracted. The Chief Justice observed that it would seem to be a consequence of that absolute power which a man possesses over his own property, that he might make any disposition of it which did not interfere with the existing rights of others; that such disposition, if it were fair and real, would be valid; and that the limitations upon this power were those only which were prescribed by law. The Chief Justice then proceeded to show that the law only limited this power when its exercise impaired the rights of existing creditors; and that a voluntary settlement by a husband in favor of his wife could not be impeached by subsequent creditors, unless it was made to defraud them.

The present case is one much stronger than the case cited; for here there are no creditors complaining. It differs from the one cited in this, that the investment was made directly by the wife, instead of being made through the husband; but we do not perceive in this fact any valid objection to the legality of the transaction. There can be no doubt that she acted with his approval. Fifteen years of acquiescence in her holding the land in her name, and in making improvements thereon with her earnings, ought to be deemed satisfactory evidence of his original authorization of the investments. The amount paid for the land was only $300 (less than one-sixth of the sum received from her father), and the whole cost of the improvements for the fifteen years was only about $2,000; and it does not appear that any third parties have been in any respect prejudiced by the investments, or have ever questioned their validity.

The divorce decreed was not of itself a sufficient reason for restoring to the husband any rights to the property thus settled upon the wife. That was granted for cruel treatment; and, whatever may be the power of the court over the property of parties upon the dissolution of the marriage relation, there was no call for its exercise in a case like the present.

*The decree of the Supreme Court of the District, so far as it awards any portion of the property in controversy to the husband, and directs a conveyance by the wife to him, must be reversed; and it is so ordered.*

MR. JUSTICE DAVIS dissenting.

I agree to the legal propositions advanced by the court; but, in my opinion, the evidence in this case does not warrant the application that has been made of them.

It would serve no useful purpose to discuss the evidence, in order to show that it is so; and I shall, therefore, content myself with saying, that it justified the conclusion reached by the court below, that the property should be divided between the parties.   As the appeal only brought up the question of property rights, I am not at liberty to consider the merits of the decree for divorce.