Mr. Chief Justice Bingham
delivered the opinion of the Court:
Mary Hinds filed her petition in the Equity Court against her husband, Warren L. Hinds, in which she sets out several matters as grounds for a divorce. Upon hearing in the Special Term and in this court only one ground was insisted upon, namely, willful abandonment.
The defendant answered her petition, denying quite generally the matters therein set forth. He also filed a cross-bill against the complainant, alleging adultery and praying' a divorce from her for that reason.
This court, upon the hearing of the case, after the testimony had been introduced by the parties, respectively, relating to the grounds of divorce, announced to counsel that in its judgment the cross-bill of the defendant should be dismissed so far as it prayed for a divorce, and that the complainant should be granted a divorce upon the ground *86 of willful abandonment. It was thereupon insisted by counsel for the defendant that the court should nevertheless hear testimony relating to the property rights set out in the pleadings, and the court accordingly did hear the testimony relating to the property of' the parties, and upon the consideration of the whole case we are now prepared to announce our conclusions.
It appears that after these parties were married a purchase of a lot in this city was made, and the same conveyed to the wife. On this lot a house was constructed. It is claimed by counsel for the defendant that the lot and the cost of the house were paid for out of the joint earnings of husband and wife. This is denied by counsel for the complainant. She claims that the house and lot both were paid for out of her separate means and money.
But we think, assuming that counsel for defendant is right in saying that the testimony shows that the payments were made out of the joint earnings of the parties, yet he has no right to recover any portion of this property.
It is claimed by counsel for the defendant that he is entitled, if the property was paid for by the joint earnings of the parties, to recover a fair proportion of it, notwithstanding he is not entitled to a divorce from his wife, and that she is 'entitled to one from him on account of his abandonment.
We think, under the circumstances shown in this case, that the purchase and deed to the wife imply a settlement by the husband upon his wife of the property to every extent that the consideration came from him or that the payments were made from his individual earnings. He would at common law have had control not only over his own earnings but those of his wife, and he would have had the right to appropriate the same to the benefit of his wife, to make a settlement of such earnings as well as any other sum of money over which he might have control upon his wife; and having done so, he cannot afterwards, because of *87 some connubial differences which may result in the separation of the parties and a divorce, rescind that arrangement and take back that or any part of that which he had previously voluntarily settled upon her permanently.
We are cited to a case where this court, under a statute then in force, held in a cause similar to this — that is, in a case where there was a cross-petition by the husband, and a petition on the part of the wife for a divorce, and where the divorce was refused to the defendant, the husband, and granted to the complainant, the wife, that the property should be divided where the evidence seemed to be, as the court found, that it had been paid for out of the joint earnings of the parties. But that was upon a different state of the law from that which we now have. That decision was not based upon any equity power which the court possessed, but claimed to he authorized by statute. That was the case of Jackson vs. Jackson, 1 Mac Arthur, 34. The statute then authorized the court to restore to the wife all her separate property that she had at the date of her marriage, and that she could retain her dower, that the court might restore to her the whole, or any part of her separate property, however acquired.
It is sufficient to say as to that statute, probably, that in the revision of the statutes, the clause giving the court power to restore to her all of her separate property, or any part of it, was dropped out, and that, after the cause of action accrued in the case of Jackson vs. Jackson, Congress passed the act in relation to married woman’s separate estates. We need refer to that act only to say that it entirely changed the character of a married woman’s separate estate. These two acts of legislation, taken in conjunction, having occurred after the decision in the case of Jackson vs. Jackson, and before the cause of action in favor of the plaintiff, or the claimed cause of action in favor of the defendant, in this case, entirely changed the rights of the parties and takes away the power, which this court in deciding that case assumed to derive from the statute.
*88 But, further, it would be enough for us to say in regard to Jackson vs. Jackson, that it was appealed to the Supreme Court of the United States, and was there reversed on the ground that there was no such power in the court as was claimed by the decision in that case. Jackson vs. Jackson, 91 U. S., 122.
We think the statute, as it was at the date of the decision in Jackson vs. Jackson, in this court, did not authorize the court to disturb a settlement voluntarily and fairly made by a husband upon his wife after marriage and before the cause of action arose on which the divorce was granted. But as the law now stands all pretext for such holding is removed. That being true, we cannot grant the prayer of defendant, asking that a part of this property shall be given to him. We dismiss the cross-bill, and grant a divorce to the complainant on the ground of willful abandonment.
This is an affirmance of the decree below.