### PEINTNER v. BARNES et al.

(Circuit Court of Appeals, Eighth Circuit. November 28, 1917.)

#### No. 4846.

1. FRAUDULENT CONVEYANCES ☞95(2)—CONVEYANCE BY HUSBAND TO WIFE—CONSIDERATION.

    The relationship between husband and wife was a good consideration for a deed of gift made voluntarily by the husband for the benefit of the wife.

2. FRAUDULENT CONVEYANCES ☞225—PERSONS ENTITLED TO ATTACK.

    Attorneys who assisted a wife in obtaining from her husband a conveyance that was fraudulent as to the husband's creditors were not thereby precluded from attacking as fraudulent the wife's conveyance of the property and other property taken in exchange.

3. FRAUDULENT CONVEYANCES ☞172(2)—VALIDITY AS BETWEEN PARTIES.

    A conveyance made for the purpose of defrauding creditors is valid as between the parties to the conveyance and those in privity with them, and therefore a husband, conveying property to his wife in fraud of his creditors, could not be heard to ask a reconveyance to himself because of the fraud.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit by R. M. Barnes and another against Conrad Peintner, in which May Peintner, as executrix, was substituted. From a decree in favor of complainants, defendant appeals. Affirmed.

Frank L. Martin, Van M. Martin, and John M. Martin, all of Hutchinson, Kan., for appellant.

R. R. Vermilion, Earle W. Evans, Joseph G. Carey, and W. F. Lilleston, all of Wichita, Kan., for appellees.

Before CARLAND, Circuit Judge, and AMIDON and MUNGER, District Judges.

MUNGER, District Judge. The decree of the lower court subjected property that Conrad Peintner claimed to own to the payment of a judgment against May Peintner, his wife, and from this decree he appealed. He died since the appeal was taken, and his executrix has been substituted as appellant. The judgment was obtained by R. M. Barnes and J. H. Magoon, who are partners engaged in the practice of law. After obtaining a judgment and the return of an execution unsatisfied, they filed the bill in this case, alleging that May Peintner was the owner of lands, but had conveyed the title to another defendant without consideration and for the purpose of defrauding her creditors. It was also charged that with a portion of the proceeds of the sale of other lands belonging to her she had purchased other lands and had caused the deed for them to be made in the name of another to defraud her creditors, and had deposited another portion of the proceeds in a bank under the name of "Mrs. C. Peintner." The prayer was for the subjection of this property to the satisfaction of their judgment. By a supplemental bill the plaintiffs made Conrad Peintner a party, alleging that he claimed to be the owner of the property, and praying that he be required to assert any claim that he had and that a decree be entered barring him from making any further claim thereto. The answer of Conrad Peintner alleged that when he was old he was married to May Peintner, a young woman, and that she thereafter induced him, by undue influence, duress, and fraud, to convey a large amount of property to her, and that Barnes and Magoon had aided and advised her in obtaining the conveyances, and asked for a dismissal of the bill, and that he be decreed to be the owner of the property.

The questions presented by appellants' brief and assignment of errors relate to the sufficiency of the evidence to support the decree. The evidence shows that Conrad Peintner before he was married to May Peintner made her a written promise to convey to her a farm worth ten thousand dollars. After the marriage she endeavored to obtain a conveyance, and employed Mr. Barnes as her attorney. Mr. Barnes had several conversations with Conrad Peintner in regard to it, and finally Conrad Peintner conveyed 320 acres of land to her by deed, reserving the use of it for his life, and conditioned upon her continuing to live with him as his wife. In the following year Mrs. Peintner filed a bill against her husband for separate maintenance, but shortly afterwards this suit was dismissed on the stipulation of the parties. In the following year, Conrad Peintner agreed to make an unconditional conveyance to his wife of the land previously conveyed, and also to con-

vey three other quarter sections of land to her, and such conveyances were made, but his wife entered into a lease to him for the term of his life of the land first conveyed, and a contract was entered into between them relating to the other three quarter sections of land, by the terms of which Conrad Peintner was to have the use of that land for the term of his life, but May Peintner agreed to reconvey this land to him at any time within one year, on request, if he was clear of indebtedness. This contract contained a recital that Conrad Peintner made the conveyance of his own volition, for the purpose of placing the lands for the present during his temporary financial embarrassment beyond the reach of certain creditors who were threatening to bring proceedings, but that it was understood that when such financial embarrassment should have passed away, and the claims of such creditors should have been satisfied, and Conrad Peintner should be free from debt, May Peintner, on request of Conrad Peintner, would reconvey these lands on the terms before stated. Barnes and Magoon were employed by Mrs. Peintner to advise with her and to draw these latter conveyances and contracts. There is no evidence that Conrad Peintner ever requested a reconveyance of any of these lands, or that he was thereafter free from debt. He and his wife continued to live together and from time to time joined in executing mortgages upon part of the lands, conveyed other portions in exchange for other lands, the title to which was also taken in the name of May Peintner, and sold some portions for money which was deposited in the bank to her credit, and out of this money other lands were purchased by her, but the title was taken in the name of a relative of hers, who paid no part of the consideration. About four years after the date of the second conveyances from Conrad Peintner to his wife, when Barnes and Magoon had brought suit against her to recover a judgment for the value of their services, she and her husband united in making a deed of the remainder of the lands in question to another relative of hers, without consideration.

[1] That the purpose of May Peintner and of her husband in causing the title to this property to be placed in the names of others was to hinder and delay Barnes and Magoon in the collection of their claim against her is abundantly sustained by the evidence. The appellants insist that Barnes and Magoon are not entitled to have this property subjected to their judgment, because the second deed from Conrad Peintner to May Peintner was obtained at a time when he was sick and unable to attend to business, and as a result of her desires and plans to obtain a conveyance of his property to her. The evidence does not show that Conrad Peintner was unable to comprehend the nature of the act in which he was engaged when he made these conveyances, nor that he was acting under duress, and, although he executed them as the result of importunities of his wife, they were made voluntarily for her benefit, and the relationship between husband and wife was a good consideration for the executed gift. Jackson v. Jackson, 91 U. S. 122, 23 L. Ed. 258; Kitchen v. Bedford, 13 Wall. 413, 20 L. Ed. 637.

Appellant further insists that Barnes and Magoon are not entitled to the relief they seek, because they drew the contract signed by Conrad Peintner which contained a recital that the purpose of the deeds then

executed was to place the property beyond the reach of his creditors. The relief asked by Barnes and Magoon is the cancellation of the later conveyances by May Peintner and her husband, in which they had no participation. Conrad Peintner prayed the court to set aside the conveyance which he had voluntarily made to his wife, although he had joined her in her subsequent conveyances of this property to others.

[2,3] We see no reason why Barnes and Magoon may not complain of the fraudulent transfer of her property by May Peintner, even if they had previously assisted her in obtaining a conveyance that might have been fraudulent as to his creditors. A conveyance made for the purpose of defrauding creditors is valid as between the parties to the conveyance and those in privity with them, and Conrad Peintner cannot be heard to ask a reconveyance to himself because of his fraudulent conveyance. Byrd v. Hall, 196 Fed. 762, 117 C. C. A. 568; Pigg v. Casper Co., 196 Fed. 177, 116 C. C. A. 9; Sturges v. Portis Mining Co. (D. C.) 206 Fed. 534.

We find no error in the record and the decree of the lower court will be affirmed.